# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JALYNN TATUM, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-131-HE |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Jalynn Tatum, appearing through her counsel, filed this action on February 12, 2016, seeking review of the final decision of the Commissioner of the Social Security Administration denying her benefits under the Social Security Act. *See* ECF No. 1. The matter was referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Since requesting and receiving leave to proceed *in forma pauperis*, Plaintiff has taken no further action in this case and has neither paid the initial partial filing fee that was ordered by the Court nor shown good cause for her failure to do so. Plaintiff's counsel has filed a motion seeking to dismiss this case without prejudice to refiling. In light of Plaintiff's failure to prosecute her case, the undersigned recommends that the Court **GRANT** the Motion for Dismissal Without Prejudice (ECF No. 6).

1.  **BACKGROUND**

On February 25, 2016, the undersigned granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 5). In this Order, the undersigned found—based on the information provided by Plaintiff regarding her financial assets, income, and obligations—that Plaintiff was unable to prepay the total requisite fees but had sufficient income and resources to pay an initial partial filing fee and monthly payments thereafter until the filing fee is paid in full, while still providing for the necessaries of life. Plaintiff therefore was ordered to pay an initial partial filing fee of $50.00 no later than March 11, 2016, to be followed by regular monthly payments of $50.00 until the total filing fee of $400.00 applicable to *in forma pauperis* proceedings was paid. Plaintiff was advised that if she did not either pay the initial partial filing fee or show good cause for any failure to pay by March 11, 2015, this action would be subject to dismissal without prejudice to re-filing, upon which event no fees or costs will be imposed or collected. *See* ECF No. 5. Plaintiff did not submit the $50.00 initial payment or any other filing to the Court on or before the deadline of March 11, 2016.

2.  **PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE**

On April 4, 2016, Plaintiff's attorney filed a Motion to Dismiss Case Without Prejudice (ECF No. 6). In this Motion, Plaintiff's attorney states that the Plaintiff has now determined she is financially unable to follow the payment plan of $50.00 a month, or any prepayment for civil action. Plaintiff has submitted no further filings in this matter through her counsel or otherwise.

Because no defendant has answered or moved for summary judgment upon Plaintiff's complaint, Plaintiff may voluntarily dismiss her case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). By signing the Motion for Dismissal Without Prejudice, Plaintiff's attorney has certified that the facts stated therein are supported "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). Those facts, together with Plaintiff's failure to present any contrary intention to the Court, demonstrate that Plaintiff does not wish to proceed with this lawsuit and require dismissal of this action without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A); *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (noting that "a plaintiff has an absolute right to dismiss without prejudice"). Further, dismissal of Plaintiff's case would be appropriate in light of Plaintiff's failure to pay the initial partial filing fee as ordered or to show good cause for her failure to do so. *See* LCvR 3.4(a); Fed. R. Civ. P. 41(b). Plaintiff has been given express notice of the possibility of such dismissal in the Court's Order of February 25, 2015. *See* ECF No. 5. In making this recommendation, the undersigned has considered that dismissal of Plaintiff's action, although without prejudice, would likely be dispositive in effect; however, in light of the representations of Plaintiff's counsel regarding Plaintiff's election to dismiss, and the fact of her failure to pay the initial partial filing fee, dismissal is appropriate.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Plaintiff's Motion for Dismissal Without Prejudice **(ECF No. 6)** be **GRANTED**.

Plaintiff is advised of her right to file an objection to this Report and Recommendation with the Clerk of Court by **June 9, 2016** in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on May 26, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE